IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM JACOB JACKSON, #310780,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | CIVIL ACTION NO. 2:20-CV-666-RAH |
| ) | (WO) |
| ) | |
| WARDEN BUTLER, *et al.*,    ) | |
| ) | |
| Defendants.    ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Ventress Correctional Facility, recently initiated the instant 42 U.S.C. § 1983 action. Doc. 2. Plaintiff did not submit the $350 filing fee or $50 administrative fee upon the initiation of this case and, instead, filed an application seeking leave to proceed *in forma pauperis* before this court. Doc. 3. Based on the financial information provided by Plaintiff, Doc. 3 at 3, and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined Plaintiff owed an initial partial filing fee of $2.50. Doc. 4 at 1–2. The court therefore ordered that Plaintiff file the requisite initial partial filing fee on or before September 23, 2020. Doc. 4 at 2.

As of the present date, Plaintiff has not provided the court with the initial partial filing fee. The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. This action cannot properly proceed absent Plaintiff's participation in the proceedings. Under the circumstances of this case, the court finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Board of Regents of Univ. System*

*of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. . . . The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court <u>and</u> any pending motion be denied.

On or before **October 29, 2020,** Plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal

conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of October, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE